**ROBERT DAVID BAKER, INC.**
**Robert David Baker, Esq. (87314)**
**80 South White Road**
**San Jose, CA 95127**
**(408) 251-3400 telephone**
**(408)251-3400 facsimile**
**rbaker@rdblaw.net**

**Attorney for Plaintiff**
**CHARLES LOFT**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES LOFT,** | **Case No.** |
| **Plaintiff,** | |
| **vs.** | **VERIFIED COMPLAINT FOR INJUNCTION RELIEF FOR VIOLATIONS OF 29 U.S.C.A. 411 - LABOR-MANAGEMENT REPORTING DISCLOSURE ACT; INJUNCTIVE RELIEF FOR BREACH OF CONTRACT UNDER THE LABOR-MANAGEMENT RELATIONS ACT** |
| **STATIONARY ENGINEERS, LOCAL 39** **Defendants.** | |

PLAINTIFF CHARLES LOFT, ALLEGES

## JURISDICTION

Subject matter jurisdiction is conferred upon this court by section 412 of the Labor-Management Reporting Disclosure Act and pursuant to section 301 of the Labor – Management and Relations Act.

## ALLEGATIONS

1. Stationary Engineers, Local 39, is a charter union of the International Union of Operating Engineers AFL-CIO. Stationary Engineers, Local 39 has its principal

place of business in Santa Clara, CA.  True and correct copies of excerpts of the Constitution of the International Union of Operating Engineers, as amended April, 2013, is attached hereto as **Exhibit A;**

2.  Charles Loft is a member in good standing of Stationary Engineers, Local 39, International Union of Engineers;

3.  Charles Loft is employed at Sequoia Hospital, which is a unionized facility. Charles Loft has worked at Sequoia Hospital since 2002 as an engineer.  During that period of time, Charles Loft was a member in good standing of Stationary Engineers, Local 39, International Union of Engineers, and continues to be a member in good standing;

4.  On or about October 1, 2013, the Collective Bargaining Agreement (CBA) of Stationary Engineers, Local 39, expired.  The union went on strike on October 1, 2013;

5.  A picket line was formed around the premises of Sequoia Hospital, Redwood City, California.  Plaintiff Charles Loft signed on participated in the picket line, even though he was on FMLA leave to care for his mother;

6.  On or about October 17, 2013, union representative, Dan McNulty called Plaintiff and told him that someone had seen him in the hospital after the strike had begun. The person who allegedly had seen Plaintiff was unnamed.  The allegations are false;

7.  Concerned about the allegations of crossing the picket line and assisting management during the strike, Plaintiff attempted in vain to gain information from union officials about the specific allegations that had been made to Dan McNulty, including the name of the reporting union member, witnesses, and other particulars.  Plaintiff received no return calls from the union;

8.  On or about November 15, 2013, Plaintiff received a Notice of Charges against him, alleging that "Loft had not manned the strike line and had assisted the employer and

replacement workers keep the plant in operating order by accepting telephone calls from the employer and walking them through the problems they encountered." The charges were signed by all but one of the members at the Redwood City Sequoia Hospital unionized engineers. Attached as **Exhibit B** hereto is a true and correct copy of the October 30, 2013 charging document;

9.  On December 8, 2013, Plaintiff responded to the Business Manager, stating that the charges are "untrue, unfair, and unjustified," that he had been on FML. Plaintiff went on to state that he has been attempting since October 17, 2013, to obtain from the union information about the charges, without success. Attached as **Exhibit C** is a true and correct copy of the response Plaintiff mailed to the union;

10. On December 24, 2013, the Business Manager, sent by mail, a notice of a Pre-Trial hearing, set for January 25, 2014. **Exhibit D** is attached hereto as a true and correct copy of the December 24, 2013 letter. The notice of Pre-Trial hearing did not contain a specific statement of the charges and was not signed by a person as having personal knowledge of the charges alleged;

11. At the Pre-Trial Hearing, Plaintiff attended. William W. Lee, the person who wrote the check for the charges as required, was asked by the governing board how he knew that Plaintiff had crossed the picket line and was helping management. Lee replied that it was overheard on a security radio by a member who was at the strike lin, that the Director of Facilities, Eddie McCarthy, had directed an unknown person to contact "Chuck" regarding an unnamed issue. Lee gave no particulars of who overheard had overheard the comment on the radio or any of the parties involved;

12. On January 30, 2014, Plaintiff received a letter from the Business Manager, setting a trial for February 25, 2014, at 5:00 p.m., at the Stationary Engineers, Local 39 office, 2102 Almaden Road, San Jose, CA. The letter stated that Plaintiff could be

represented by himself or another who was a member of the International Union of
Operating Engineers.  **Exhibit E** is a true and correct copy of the January 30, 2014
letter;

13. Plaintiff has no person who can fairly represent him at the trial because all of the
workers at Sequoia Hospital, Redwood City, signed the accusation against Plaintiff;

**I.**
**FIRST CAUSE OF ACTION**
**VIOLATION OF THE LABOR – MANAGEMENT REPORTING**
**DISCLOSURE ACT**

14. Plaintiff incorporates those paragraphs 1 – 13, as set forth here in their entirety;

15. Section 411(a)(5), of 29 U.S.C. A., provides that, "no member of any labor
organization may be fined, suspended, expelled, or otherwise disciplined except for
non-payment of dues by such organization or any official thereof unless such member
has been (A) served with written specific charges; (B) given a reasonable time to
prepare his defense; (C) afforded a full and fair hearing;

16. Stationary Engineers, Local 39 has violated Plaintiff's rights under Section 411 by
failing to give Plaintiff notice of the specific charges against him as required by
Section 411(a)(5), of 29 U.S.C. A. and the International Constitution;

17. Stationary Engineers, Local 39 has violated Plaintiff's rights under Section 411 by
conducting a Pre-Trial hearing without providing Plaintiff with notice of the specific
charges against him as required by  Section 411(a)(5), of 29 U.S.C. A. and the
International Constitution, in order that Plaintiff could contest the accusations at the
Pre-Trial hearing;

18. Stationary Engineers, Local 39 has violated Plaintiff's rights under Section 411 by
failing to give Plaintiff reasonable time to prepare for his defense because the Local
has failed to provide and continues to refuse to provide Plaintiff with the specific

Therefore, Plaintiff prays for relief as set forth hereinafter.

1.  Plaintiff prays for a Temporary Restraining Order, staying the trial of Plaintiff scheduled to commence on February 25, 2014, at 5:00 p.m.;

2.  Upon hearing, for Orders of this Court mandating compliance with the rights of Plaintiff under the Constitution of the International Union of Engineers and section 411 of the Labor-Management Reporting Disclosure Act, including but not limited to: a specific statement of the charges against Plaintiff containing the names of each witness who witnessed the alleged events charged against Plaintiff, and the time, date, and place of such events, signed by a person with personal knowledge of the accusations; that after providing such specific statement, this matter to returned to the Local for a further Pre-Trial; and for procedures that will guarantee Plaintiff a fair, unbiased trial, free of bias by the member jurors;

3.  Any other and further relief this court deems proper.

Dated:  February 23, 2014


_____/s/_____
Robert David Baker, Esq.
Attorney for Plaintiff

## **VERIFICATION**

I, Charles Loft, declare:

I have read the above Verified Complaint, and the matters stated therein are true and correct of my own personal knowledge, and as to those matters alleged on information and belief, I believe them to be true.

This verification is executed on February 23, 2014, at San Jose, California.


_____/s/_____
Charles Loft

# EXHIBIT A



CONSTITUTION

International Union of Operating Engineers



THE

# CONSTITUTION

GOVERNING

## THE INTERNATIONAL UNION OF OPERATING ENGINEERS

AND ALL SUBDIVISIONS, BODIES, LOCAL UNIONS

AND MEMBERS THEREOF

THE INTERNATIONAL UNION OF OPERATING ENGINEERS
ORGANIZED DECEMBER 7, 1896

AFFILIATED WITH AFL-CIO

Compiled by the Constitution Convention Sept. 30, 1938, and adopted by Referendum Vote of Entire Membership Dec. 31, 1938.

| | |
|---|---|
| Amended by 21st Int. Convention | April 1940 |
| Amended by 22nd Int. Convention | April 1944 |
| Amended by Referendum | September 1, 1947 |
| Amended by 23rd Int. Convention | April 1948 |
| Amended by Referendum | August 1, 1951 |
| Amended by 24th Int. Convention | April 1952 |
| Amended by 25th Int. Convention | April 1956 |
| Amended by 26th Int. Convention | April 1960 |
| Amended by 27th Int. Convention | April 1964 |
| Amended by 28th Int. Convention | April 1968 |
| Amended by 29th Int. Convention | April 1972 |
| Amended by 30th Int. Convention | April 1976 |
| Amended by Referendum | September 28, 1977 |
| Amended by 31st Int. Convention | April 1980 |
| Amended by 32nd Int. Convention | April 1984 |
| Amended by 33rd Int. Convention | April 1988 |
| Amended by 34th Int. Convention | April 1993 |
| Amended by 35th Int. Convention | April 1998 |
| Amended by 36th Int. Convention | April 2003 |
| Amended by 37th Int. Convention | April 2008 |
| Amended by 38th Int. Convention | April 2013 |

1

# CONTENTS

| | | |
|---|---|---|
| Preface | Suggested Order of Business . . . . . . | 4 |
| Art. I. | Name, Purposes, Government and Ritual . . . . . . . . . . . . . . . . . . . | 5 |
| Art. II. | Emblem . . . . . . . . . . . . . . . . . . . . . | 7 |
| Art. III. | General Conventions, Powers, Delegates, Etc. . . . . . . . . . . . . . . . . | 8 |
| Art. IV. | General Officers, Election, Etc. . . . . | 15 |
| Art. V. | General Executive Board . . . . . . . . . | 19 |
| Art. VI. | General President . . . . . . . . . . . . . . | 22 |
| Art. VII. | General Vice Presidents . . . . . . . . . . | 26 |
| Art. VIII. | General Secretary-Treasurer . . . . . . | 26 |
| Art. IX. | Board of Trustees . . . . . . . . . . . . . . . | 29 |
| Art. X. | Membership . . . . . . . . . . . . . . . . . . | 30 |
| Art. XI. | Income of International Union . . . . | 32 |
| Art. XII. | Territorial Jurisdiction . . . . . . . . . . | 35 |
| Art. XIII. | Craft Jurisdiction . . . . . . . . . . . . . . | 35 |
| Art. XIV. | Charters . . . . . . . . . . . . . . . . . . . . . | 39 |
| Art. XV. | Transfer, Clearance, Service Dues, Withdrawal Cards and General Office Membership . . . . . . | 45 |

2

| | | |
|---|---|---|
| Art. XVI. | Discipline and Expulsion . . . . . . . . | 57 |
| Art. XVII. | Appeals . . . . . . . . . . . . . . . . . . . . . . | 60 |
| Art. XVIII. | Amending and Revising Constitution, Initiative, and Recall . . . . . . . . . . . | 63 |
| Art. XIX. | Defense Fund, Lockouts, Strikes . . . | 64 |
| Art. XX. | Death Benefits . . . . . . . . . . . . . . . . | 66 |
| Art. XXI. | Joint Executive Boards . . . . . . . . . . | 72 |
| Art. XXII. | District Councils . . . . . . . . . . . . . . | 73 |
| Art. XXIII. | State, Interstate and Provincial Organizations . . . . . . . . . | 74 |
| Art. XXIV. | Government of Local Unions . . . . . | 76 |
| Art. XXV. | Apprenticeship . . . . . . . . . . . . . . . | 108 |
| Art. XXVI. | District Administration Form of Local Union Government . . . . . . | 108 |
| Art. XXVII. | The General Pension Fund Plan . . . . | 111 |
| Art. XXVIII. | Honorary Positions Created . . . . . . . | 111 |
| Art. XXIX. | Savings Clause . . . . . . . . . . . . . . . . | 111 |
| | Index . . . . . . . . . . . . . . . . . . . . . . . | 113 |

# THE CONSTITUTION
# OF
# THE INTERNATIONAL UNION OF
# OPERATING ENGINEERS

## ARTICLE I
## NAME, PURPOSES, GOVERNMENT
## AND RITUAL

### Name

**Art. I.**
**Section 1.** This organization shall be known as the International Union of Operating Engineers and it shall be the policy of this organization to be affiliated with the AFL-CIO and such of its departments as this organization may deem expedient.

### Purposes

**Art. I.**
**Section 2.** The objects and purposes of this organization are to elevate the trade of operating engineers (by which trade the membership thereof earn a livelihood for themselves and their dependents) to its proper position in all industrial activity and the ranks of organized workers; to encourage a higher standard of skill among its members; to cultivate feelings of friendship among the men of the craft and those who may employ its members; to organize all persons working in the jurisdiction of this International Union without regard to race, creed, color, sex, religion, age or national origin; to promote the health, welfare and safety of its members and their families; to promote, foster and develop apprentice programs, training programs and other means to advance the skills, efficiency and working knowledge of its members; to assist its members in securing and stabilizing employment; to assist employers in obtaining skilled craftsmen; to secure improved wages, hours, and working conditions through assisting affiliated Local Unions in negotiating collective

5

bargaining agreements and through legislative action and
other appropriate means; to further, directly and indirectly,
the joint interest of the members of the International Union
in the betterment of general economic and social condi-
tions in the world, by engaging in legislative, political,
educational, civic welfare, and other appropriate activities;
while preserving the integrity and autonomy of this Inter-
national Union, to work within the AFL-CIO and to coop-
erate with other International Unions for the advancement
of the entire labor movement, and to assist and cooperate
with free and democratic labor organizations throughout
the world; to provide aid and assistance for, and to bring
about cooperation and coordination of effort among affili-
ated Local Unions; to insure the better protection of life
and property by securing the enactment of state, provincial
and city Engineers' License Laws and by other appropriate
means; and to protect and strengthen our democratic insti-
tutions and to vigorously oppose the efforts of those who
advocate the overthrow of the established order, either of
government or of this organization, by force or violence or
subversive tactics.

### Government

**Art. I.**        The International Union of Operating
**Section 3.**     Engineers shall be governed by the fol-
lowing bodies:
1. General Convention
2. General Executive Board
3. Officers
4. Board of Trustees
5. State and Provincial Organizations
6. Joint Executive Boards
7. District Councils
8. Parent Local Unions
and each of such bodies shall constitute a distinct entity
each with its own separate identity but functioning in con-
formity to the Constitution and Ritual. No Local Union

6

tection of the jurisdiction of the International Union of Operating Engineers exercise and maintain jurisdiction over persons engaged in work other than described in this Article, including but not limited to public employees, and such jurisdiction over such persons shall have the same Constitutional force and effect as though fully defined and set forth in this Article.

### Conflict of Jurisdiction

**Art. XIII.**
**Section 3.**
In cases where there shall be conflict between the craft jurisdiction of the Stationary Engineers' Branch and the craft jurisdiction of the Hoisting and Portable Engineers' Branch of this organization and one of said branches has already assumed certain craft jurisdiction of the other branch and has organized the same and entered into contractual relations with third parties involving such craft jurisdiction, such status may remain as now in effect.

### ARTICLE XIV
### CHARTERS

### Classification of Charters

**Art. XIV.**
**Section 1.**
Charters of the International Union of Operating Engineers may be granted to Local Unions, District Councils, Local Joint Executive Boards, Local, State and Provincial Organizations, to Local Unions for Junior and Assistant Engineers' Subdivisions, Registered Apprentice Engineers' Subdivisions, and Branch Engineers' Subdivisions, and to such other subdivisions as may from time to time be authorized and established.

### Application for Charters

**Art. XIV.**
**Section 2.**
An application for a charter of a Local Union shall be upon the form prescribed by the International Union of Operating Engineers and shall be signed by not less than fifteen (15) applicants, none of

39

whom shall be members of the International Union, which requirements may be changed by the International Union. The requirements for all other applications for charters shall be established by the General Executive Board.

### Qualification of Applicants

**Art. XIV.**
**Section 3.**
Upon receipt of an application for a charter, the General President shall proceed to satisfy himself that the applicants are qualified, and if found to be so he shall direct the General Secretary-Treasurer to issue the charter. In the formation of new Local Unions the members thereof shall be charged such charter fees, entrance fees and organization fees as the International Union shall establish.

### Junior and Assistant Subdivisions, Registered Apprentice Subdivisions and Branch Subdivisions

**Art. XIV.**
**Section 4.**
Local Unions as such may make application for sub-charters covering junior and assistant engineers, registered apprentice engineers and branch engineers in such manner and form as prescribed by the International Union and the said sub-charters shall confer no greater craft jurisdiction than that held by the parent Local Union making such application.

### Government of Junior and Assistant Engineers' Subdivisions, Registered Apprentice Subdivisions and Branch Engineers' Subdivisions

**Art. XIV.**
**Section 5.**
Any Junior and Assistant Engineers' Subdivision, Registered Apprentice Engineers' Subdivision or Branch Engineers' Subdivision heretofore or hereafter created by the sub-charters referred to in this Article, shall function under the direction and control of the parent Local Union to which the same belongs. They shall be accountable to and function

**40**

Treasurer for a transfer card to another Local Union as provided for in Section 1 of this Article; and he shall remain in the General Office Membership only until his transfer card is accepted by another Local Union, and while a member of the General Office Membership he shall pay dues to the General Office, monthly in advance, in the amount of Five ($5.00) Dollars per month or such other amount as may be fixed by the General Executive Board. The General Secretary-Treasurer may suspend or expel any such member for non-payment of dues to the General Office or for any violation of the Constitution.

### Junior and Assistant Engineers' Subdivision Clearance Cards

**Art. XV.**
**Section 6.** Any member of a Junior and Assistant Engineers' Subdivision desiring a Junior and Assistant Engineers' Subdivision clearance card for the purpose of transferring his membership to another Junior and Assistant Engineers' Subdivision of another Local Union, shall do so in the same manner as prescribed in Section 2 of this Article, provided the Local Union in which he is a member of the Junior and Assistant Engineers' Subdivision shall, by a majority vote, consent to the issuance of said clearance card.

### ARTICLE XVI
### DISCIPLINE AND EXPULSION IN GENERAL

#### Penalty for Issuing Defamatory Literature

**Art. XVI.**
**Section 1.** In addition to the provisions of this Constitution setting forth the causes and the manner and form in which Local Unions, officers and members thereof may be disciplined and penalties may be invoked, any Local Union, subdivision or member thereof publishing or circulating literature of a defamatory nature in violation of their responsibility toward the International Union or any of its subordinate bodies as an institution, or engaging in conduct that would interfere with the performance

57

by the International Union or any of its subordinate bodies of their legal or contractual obligations, may be tried by the General Executive Board upon charges filed with it, and upon conviction, may be disciplined or expelled as the General Executive Board may determine.

### Penalty for False Applications

**Art. XVI.**   Any person making a misrepresentation or
**Section 2.**   misstatement in his application for membership, or who shall belong to more than one Local Union of this organization, shall, on trial therefor and conviction thereof, be expelled from the International Union of Operating Engineers.

### General Executive Board May Prosecute

**Art. XVI.**   Any violation of the Constitution, Laws,
**Section 3.**   Obligation and Ritual, or the rules, regulations and edicts issued by any officer or subdivision hereunto authorized by any member, subdivision or officer, may, if not prosecuted by the subdivision thereunto authorized, or if no provision has been made therefor, be prosecuted, heard and penalized by the General Executive Board. The thirty (30) - day statute of limitations in Article XXIV, Subdivision 7, Section (m) does not apply to prosecutions by the General Executive Board.

### Penalty for Radicalism, Etc.

**Art. XVI.**   Any member who is found guilty after trial
**Section 4.**   of advocating or otherwise supporting the overthrow of the established order, either of the Government or of this organization, by force or violence or subversive tactics, shall forthwith be expelled from membership or otherwise disciplined as the circumstances may require, which action may be taken and penalty imposed by either the Local Union of which the guilty party is a member or by the General President.

and empowered to take the same action provided herein-above and to enforce the foregoing penalties for arrear-ages against members, whenever, upon findings by it said arrearages are found to exist, and the same authority and power is conferred upon Supervisors in charge of Local Unions under International Supervision.

No member of any Local Union shall seek to affiliate with another Local Union save in the manner and form re-quired by the Constitution. Such member shall be required to make full disclosure to such other Local Union of his previous memberships including all facts as to any fine, penalty or other disability imposed within the organiza-tion, and existing and unsatisfied against him, and in addi-tion such member shall strictly conform to and discharge any and all constitutional requirements governing the lift-ing of the said fine, penalty or disability.

In addition to the penalties hereinabove provided, a Lo-cal Union may provide in its bylaws a uniform and reason-able fine imposed on members in arrears in the payment of dues. Except for failure to tender dues, no member shall be subjected to any of the penalties above enumerated unless the trial procedures set forth in Subdivision 7, Section (l)-(s) of this Article have been followed.

### Other Causes for Fines, Suspensions or Expulsion

**Art. XXIV.** Any officer or member of a Local Union **Subdiv. 7.** who becomes an habitual drunkard; who **Section (e).** wrongs a fellow member or defrauds him; who commits an offense discreditable to the International Union or its subdivisions; who seeks to dissolve any Local Union or separate it from the general organization; who willfully engages in slander or libel where such slander or libel is contrary to the responsibility of every member toward the Organization as an institution or specifically interferes with the Organization's performance of its le-gal or contractual obligations; who violates the trade rules of the locality in which he is working; who fraudulently

94

receives, misapplies, converts or embezzles the funds of any subdivision of the International Union or the monies of any member entrusted to him; who violates his obligation or any section of the Constitution, Rules, Edicts and Ritual of the International Union; who divulges the password to anyone except the officer authorized to receive the same; who is guilty of insubordination; or who refuses to acknowledge or perform the lawful command of those authorized within the International Union to issue the same, may be disciplined or, upon trial therefor and conviction thereof, be fined, suspended or expelled from his Local Union.

Any member working contrary to a declared strike or the rules established by the Local Union by reason of a lockout shall, upon trial and conviction thereof, be subject to a fine of not less than Twenty-five ($25.00) Dollars, or expulsion, or both. His name shall be reported to his Local Union, which shall enforce this Section, charge and collect the fine so imposed, under penalty of expulsion. Local Unions shall have the power to fix such other offenses as from time to time may be determined by them. Notwithstanding the foregoing provisions of this Section, the penalty prescribed upon a traveling member shall not exceed that amount normally imposed by a Local Union against its own members who have been found guilty of a similar offense or violation.

### Payment of Fines

**Art. XXIV.** **Subdiv. 7.** **Section (f).** All fines legally levied or imposed shall be charged by the Financial Secretary against the member from whom due and must be paid by the member involved to the Financial Secretary within thirty (30) days. Wherever a fine is imposed upon a member, his sentence shall automatically be read to incorporate the following provisions. Members thirty (30) days in arrears in the payment of fines shall be denied voice and vote in their Local Union, and thereafter until the fine

95

## Local Unions Charged Upon
### Reported Status of Members

**Art. XXIV.**
**Subdiv. 7.**
**Section (j).**
The General Secretary-Treasurer shall charge to the Local Unions and the Local Unions must pay all per capita taxes and assessments due from the Local Union to the General Office upon the status of members reported by the Local Union to the General Secretary-Treasurer, which per capita taxes and assessments shall continue to be charged to and collected by the General Secretary-Treasurer from the said Local Union until a change in the status of any member shall be reported to and filed with the General Secretary-Treasurer.

## When a Local Union Not Charged
### With Certain Per Capita Taxes

**Art. XXIV.**
**Subdiv. 7.**
**Section (k).**
In instances where the penalty of suspension or expulsion is invoked upon members as provided in this Article, or where members have died or have properly transferred or withdrawn, Local Unions may, upon report to the General Secretary-Treasurer of each suspension, expulsion, transfer, withdrawal, or death, be relieved from further payment (including that due for the month in which the report is made but not for the month in which the death occurs or withdrawal is made) of the per capita tax due from the Local Union to the General Secretary-Treasurer on such members reported.

## Trials

**Art. XXIV.**
**Subdiv. 7.**
**Section (l).**
A Local Union shall have the power to discipline, fine, suspend or expel its members, upon causes provided in this Article, and provided further that any member charged with the offenses designated in this Article shall be tried within the jurisdiction of the Local Union where said offense was committed, in which case a copy of the verdict shall be sent

98

to the Local Union to which the member charged belongs.

**Art. XXIV.**
**Subdiv. 7.**
**Section (m).**
All charges must be preferred in writing and signed by the complainant. Where the President is not the complainant, the charges must contain a signed statement of either the complainant or some other member that he has personal knowledge of the facts which form the basis of the charges. Charges must be filed within thirty (30) days of the event or circumstance giving rise to the charge, or within thirty (30) days of learning of the event or circumstance, whichever is later. Charges are to be filed with the Recording-Corresponding Secretary and read by the Recording-Corresponding Secretary at the next succeeding meeting following the filing of same. Immediately upon filing of such charges the Recording-Corresponding Secretary shall notify the defendant in writing, enclosing a copy of said charges, and of the date set for the filing of the answer or defense or the entering of a plea by the defendant, which date shall be not less than two (2) nor more than four (4) weeks thereafter. In addition, where the defendant is a traveling member, the Recording-Corresponding Secretary shall immediately send a copy of the charges to the Recording-Corresponding Secretary of the defendant's Local Union. Charges shall be specific, stating clearly, concisely and as accurately as possible the time, place, nature and circumstances of the offense alleged.

**Art. XXIV.**
**Subdiv. 7.**
**Section (n).**
Within thirty (30) days after the pleadings are filed, or the plea entered, or the time elapsed in which the same must be filed or entered, the Local Executive Board, or any other Board within the Local Union established for the purpose, may at its discretion, order a pre-trial hearing and direct the complainants and defendants to appear at said hearing. All parties shall be notified in writing by Certified or Registered Mail providing the date, time and place of the hear-

99

ing and the specific charges to be pre-tried. The purpose of the hearing shall be to define the issues and to make a preliminary determination as to whether the charges have merit. The Board, upon hearing all the parties, may at its discretion, decline to process these charges after such hearing, as being without merit. However, such decisions of the Board not to process the charges, shall be appealable to the General Executive Board in accordance with the provisions of this Article. The failure of the complainant to appear at such pre-trial hearings may result in a dismissal of the charges by the Board. The Board shall also have the power to settle the matter at such hearing in the event such settlement is mutually agreeable to all parties. In the event the Board does not invoke the pre-trial procedures within the time set forth herein, or invokes the procedures and determines to proceed with the charges on their merits, the following provisions shall then become effective: After the pleadings are filed or the plea entered, or the time elapsed within which the same must be filed or entered, and the pre-trial procedure has been invoked, and/or time limitation for same expired, the President shall cause the parties to be notified of the trial date, which must be the next regular meeting thereafter. Unless a request for postponement of the trial shall have been made to and granted by the President, the trial shall proceed upon the date set. Complainants and defendants may present their own cases or by counsel selected from among the membership of the International Union of Operating Engineers. After all the evidence is in, and a full and impartial hearing has been had upon the issues, the President shall distinctly state the charge or charges and present the matter to the members present at said meeting for a vote.

**Art. XXIV.
Subdiv. 7.
Section (o).** The said members shall vote by ballot either guilty or not guilty on the merits of each individual charge. Three tellers shall be appointed, one by the defendant, one by the complain-

100

ant and one by the President (if the President is either complainant or defendant then the third teller shall be elected by the meeting), which tellers shall collect the ballots and announce the verdict. A three-fourths vote of the membership recorded as present shall be required for conviction in cases involving expulsion, and a majority vote in cases involving other penalties. If a verdict of guilty is returned, the President shall then prescribe the penalty permitted by the vote to be imposed.

**Art. XXIV.** In the event the complainant fails to appear
**Subdiv. 7.** at the time set for trial the President may
**Section (p).** dismiss the charges unless otherwise determined by a two-thirds vote of the members present. In the event the defendant willfully fails to appear at the time of the trial the said trial may be conducted in his absence, a vote taken by the tellers appointed by the President, a verdict announced and a penalty imposed.

**Art. XXIV.** Any member other than the President of the
**Subdiv. 7.** Local Union preferring charges against an-
**Section (q).** other member as provided herein, must at the time of filing the charges deposit Fifty Dollars ($50.00) in cash or certified check for each individual charge and for each signatory to each such individual charge against each member. In the event a charge is proved, the deposit for that charge shall be returned to the member filing the same, and if not proved, shall be forfeited to the Local Union. Any member of a Local Union fined, disciplined or expelled shall have the right to appeal to the General Executive Board in the manner and form provided in the Constitution and the Laws and Rules established thereunder. Any appeal rightfully taken and properly filed wherein the penalty of expulsion is imposed shall cause the order of expulsion to be stayed until decision of the General Executive Board thereon. Unless by action of the General Executive Board thereon, waiving the requirement, no member

101

may appeal from the imposition of a fine unless and until such fine shall first be paid by him.

Trials of members within Local Unions under International Supervision shall be by and before the General President, or his deputy thereunto assigned, who shall be authorized and empowered to hear and decide the same. In all such cases charges of infractions of the Constitution, bylaws Ritual and rules against a member shall be filed with the Supervisor who shall serve the accused with copies thereof and upon reasonable notice thereafter, the General President or his deputy thereunto assigned shall hear, try and decide the case, and administer the penalty from which sentence the aggrieved party may appeal to the General Executive Board in the manner governing appeals under the Constitution.

In the event the President of the Local Union is the complainant or the defendant he shall not participate as a member of the Local Executive Board in the pre-trial functions entrusted to the Board under Section (n) of this Subdivision, and shall not exercise any of the functions entrusted to the President under said Section (n) or under Sections (o) and (p) of this Subdivision. All functions entrusted to the President under said Sections (n), (o) and (p) shall, when the President is either the complainant or the defendant, be exercised by the Vice President or, if he is either the complainant or the defendant, then by any other Local Union officer selected by the Local Executive Board.

**Art. XXIV.**
**Subdiv. 7.**
**Section (r).**  In the event charges are filed by a member against an officer of a Local Union, the Local Executive Board must conduct a pre-trial hearing of the nature and in the manner described in Subdivision 7, Section (n) of this Article. The decision of the Local Executive Board, whether it be to decline to process the charges as being without merit or to submit the charges for trial within the Local Union, shall be subject to appeal to the General Executive Board in the manner

governing appeals under the Constitution. If, on appeal, the General Executive Board upholds the decision of the Local Executive Board not to process the charges, or if the General Executive Board reverses the decision of the Local Executive Board to submit the charges for trial within the Local Union, there shall be no Local Union trial and the charges shall be dismissed. Notwithstanding any other provision of this Constitution there shall be no further appeal from such decision. If the General Executive Board reverses the decision of the Local Executive Board not to process the charges, or if the General Executive Board upholds the decision of the Local Executive Board to submit the charges for trial within the Local Union, it shall remand the charges to the Local Union for trial within the Local Union in the manner provided by this Article. Under the procedure herein provided, a reading of the charges at a membership meeting prescribed in Subdivision 7, Section (m) of this Article, shall be postponed until such time as the charges are ripe for trial at a membership meeting.

**Art. XXIV.**
**Subdiv. 7.**
**Section (s).**
The Local Union shall keep minutes of all trials conducted by it. A stenographic record of trial proceedings need not be taken unless the presiding officer of the trial so orders, or unless the charging party or the charged member so requests within seven (7) days of receipt of the notice of trial. The party requesting that such recording be made shall be responsible for the cost of the recording and the preparation of the transcript by a competent reporter, chosen by the presiding officer. Three (3) copies of the transcript shall be prepared so that each party and the Local Union may have one. The reporter shall attach an affidavit to each copy, stating that it is a true and accurate transcript of the proceeding.

**103**

system, in which event the polls shall be kept open for a period of twelve (12) consecutive hours between the hours of 6 a.m. and 10 p.m. on the date of election and with the installation of elected officers during the month of September;

(i) Provide for the nomination of delegates to General Conventions at district or general membership meetings during the months of December or January prior to the Convention, with elections during the month of February by mail referendum conducted by secret ballot among the general membership or by Australian ballot system, unless under the provisions of the Local Union bylaws they are elected prior thereto, but in no event more than one (1) year prior to the first day of the Convention;

(j) Provide for adequate safeguards to ensure a fair election in elections conducted pursuant to subsections (h) and (i) of this Section, in accordance with the International Constitution, applicable law and such rules and regulations as may be promulgated by the General Executive Board;

(k) Exercise such other powers as may be deemed necessary and incidental in effectuating the normal administration of business of the Local Union.

### TRIALS OF MEMBERS UNDER DISTRICT ADMINISTRATION FORM OF GOVERNMENT

**Art. XXVI. Section 2.** Whenever a Local Union shall be qualified to proceed under the District Administration Form of Government, the trials of any of its members, upon charges, may if its bylaws so provide, be before the district membership meeting and in such cases any infraction of the Constitution, Ritual, bylaws or rules by a member invoking discipline against him which would otherwise be triable under the Constitution before a gen-

110

eral membership meeting of a Local Union shall, under this section and with the same force and effect, be heard and acted upon by and before the regular district membership meeting in the district wherein the infraction or cause arose. All pertinent constitutional procedure governing trials, charges and penalizing of members, shall apply to such trial and procedure before regular district membership meetings, and any member aggrieved by such procedure or the penalty assessed therein may appeal therefrom directly to the General Executive Board in the manner and form governing appeals under the Constitution.

## ART. XXVII
## THE GENERAL PENSION PLAN

Participation in the General Pension Plan is a mandatory obligation of all Local Unions. The International also participates in the General Pension Plan on behalf of its Officers and employees.

## ART. XXVIII
## HONORARY POSITIONS CREATED

There are hereby established the Honorary Titles of GENERAL PRESIDENT EMERITUS, GENERAL SECRETARY-TREASURER EMERITUS and GENERAL COUNSEL EMERITUS and such titles may only be conferred by the General Convention when in session or the General Executive Board and only upon officials who have served not less than five years in either of the positions of General President, General Secretary-Treasurer or General Counsel.

## ART. XXIX
## SAVINGS CLAUSE

If any provision of this Constitution is held to be invalid by operation of law or by any competent authority or tribunal, the remainder of the Constitution or the ap-

111

plication of such provision to persons or circumstances other than those as to which it has been held illegal or invalid shall not be affected thereby. If any provisions of this Constitution shall be found or declared to be illegal, invalid or inoperative by any competent authority of the legislative, executive, judicial or administrative branch of a Federal, State or Provincial government, the General Executive Board is empowered to substitute during the period of its invalidity a provision which will meet the objections to its invalidity and which will be consistent with the intent and purpose of the invalid provision.

Notwithstanding any other provision of this Constitution, if, at any time, the General Executive Board shall deem it necessary for the protection of the welfare and best interest of the International to amend any provision of this Constitution because of any finding, declaration, order or judgment by any competent authority of the legislative, executive or administrative branch of a Federal, State or Provincial government, it shall be empowered to enact such amendment and such amendment shall have the same force and effect as any other provision of this Constitution.

Wherever reference is made to gender in this Constitution the same shall be interpreted and construed as including both male and female. This interpretation shall also be applied by Local Unions and other subordinate bodies of the International Union to their respective bylaws.

112

**EXHIBIT B**

# Stationary Engineers, Local 39

INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO

**JERRY KALMAR**
BUSINESS MANAGER-SECRETARY

November 15, 2013

Charles Loft
686 Harriet Avenue
Campbell, CA 95008

RE:    Notice of Charges

Mr. Loft:

In accordance with Article XXIV, Subdivision 7, Section (m) of the IUOE Constitution, you are hereby notified that charges have been filed with the Local 39 Recording-Corresponding Secretary for violation by you of specific provisions of the Local 39 By-Laws and the IUOE Constitution. A copy of said charges are included herein.

You have a right to respond in writing by filing an answer, defense, or plea with the Local 39 Recording-Corresponding Secretary. Your response must be received no later than close of business on December 13, 2013.

Fraternally,

Jerry Kalmar
Business Manager
Recording-Corresponding Secretary

Enclosure

1620 NORTH MARKET BLVD.  •  SACRAMENTO, CA 95834  •  FAX (916) 928-1216  •  (916) 928-0399

October 30, 2013

Jerry Kalmar
Business Manager, Recording/Corresponding Secretary
Stationary Engineers, Local 39
337 Valencia Street
San Francisco, CA 94103

Dear Brother Kalmar:

In accordance with Article XVII, Trials, Members, Pre-Trials and Trial Procedures, of the Local 39 By-Laws, and in accordance with the Constitution of the International Union of Operating Engineers, I hereby file the following charges against Local 39 member Charles Loft for violation of said International Constitution:

Article XXIV. Subdivision 7. Section (e) of the Constitution of the International Union of Operating Engineers states in part: Any member working contrary to a declared strike or the rules established by the Local Union by reason of a lockout shall, upon trial and conviction thereof, be subject to a fine of not less than Twenty-five ($25.00) Dollars, or expulsion, or both. His name shall be reported to his Local Union, which shall enforce this Section, charge and collect the fine so imposed, under penalty of expulsion. Local Unions shall have the power to fix such other offenses as from time to time may be determined by them. Notwithstanding the foregoing provision of this Section, the penalty prescribed upon a traveling member shall not exceed that amount normally imposed by a Local Union against its own members who have been found guilty of a similar offense or violation.

The facts to support this charge are undisputed. On September 25, 2013 the Local 39 members at Dignity Health unanimously voted to reject the current employer's offer for a successor contract and to authorize a strike. On October 1, 2013 the Local 39 members at Dignity Health engaged in a strike. During the strike, Loft has not manned the strike line and has helped the employer and replacement workers to keep the plant in operating order by accepting telephone calls from the employer and walking them through the problems they encountered.

Article III, Section 1(m) of the Local 39 By-Laws requires each member to become familiar with the Constitution and By-Laws and the Working Rules in the specific contract under which he is working. Therefore, Loft should have known that crossing the Local 39 picket line would be a violation of the Constitution and knowingly decided to commit the violation.

Several Sections of the By-Laws and Constitution support the determination that this act by Loft violated both including Duties of Members and Discipline and Expulsion in General.

I request, in addition to any fine or suspension imposed by the Local Union, that a vote be put to the member after trial to expel Loft from membership in the IUOE.

Enclosed is a certified check in the amount of fifty dollars ($50.00) as required by Article XXIV, Subdivision 7, Section (q) of the Constitution of the International Union of Operating Engineers.

Fraternally,

| Name | Number |
|------|--------|
| JAMES SPERRING | 1708277 |
| William W. Lee | 2331845 |
| SHAUN MANALO | 4051668 |
| THONNIE PARACUE | 2467594 |
| Du Tran | 4086331 |
| VINH PHAN | 2644300 |
| Mitchell Hambrik | 2585221 |
| Wesley Vincent | 2341353 |
| JOSEPH Sandoval | 2216804 |
| Michael Rentie | 2564353 |
| Lena Belmas | 2411078 |
| Wade Landforced | 2097876 |
| Louis Radil | 2012760 |
| CLINT BELLO | 2280092 |



**EXHIBIT C**

Dec 8, 2013

Dear Mr. Kalmar,

I am writing this letter in response to the letter I received from you informing me that charges have been filed against me for violation of specific provisions of the Local 39 Bi-Laws and I.U.O.E constitution. These said charges are untrue, unfair, and unjustified. I have been on FMLA that was approved by my employer and my mother's doctor to care for my mother after her surgery. She had to have her left leg amputated due to health conditions, only to be readmitted to have more of her leg removed. My mother did not leave my care until Oct 16, 2013 and on Oct 17, 2013 I received a phone call from Dan McNulty informing me about accusations being held against me. This was the first of my knowledge of being accused of these allegations. I told him this was untrue and unfair and would like to get this matter taken care of as soon as possible. He told me that the union would get back to me about a possible meeting to clear up the allegations. After a few weeks I had not had any response from the union regarding these accusations. I called the union hall and asked to speak with Dan McNulty, they told me that Joe Klein was taking his calls and put me thru to Joe to which I left a detailed message on his voice mail about getting this matter resolved and did not receive any response. I called back a couple of weeks later and left the same message to Joe Klein's voice mail and again did not receive a response. Almost two weeks later I received a letter from you informing me of the charges being filed against me by my fellow engineers at Sequoia Hospital.

During the time of said charges, I had not had any contact with any employee at Sequoia Hospital either by phone or in person about issues or problems that might have occurred during the duration of the strike. I have been a Local 39 member for 24 plus years, and I know that to cross the picket line would be a violation of my Bi-Laws and I would not jeopardize my pension for any employer. It is very disappointing to be accused by your fellow engineers of allegations when there is no proof.

I would like to have Local 39 clear up these charges brought against me so we do not have to take this up with legal matters. I would appreciate a response back in a timely matter regarding these charges.

Sincerely

Charles Loft

**EXHIBIT D**



# Stationary Engineers, Local 39

INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO

**JERRY KALMAR**
BUSINESS MANAGER-SECRETARY

December 24, 2013

*Sent via Certified U.S. Mail*
*7012 2920 0000 1203 9466*

Charles D Loft
686 Harriet Avenue
Campbell, CA 95008

Dear Brother Loft:

The Local 39 Executive Board reviewed the charges filed against you for actions or events that occurred during the Dignity Health strike and your response to the charges at their meeting on December 21, 2013. In accordance with the International Constitution and Local 39 By-Laws, the Local 39 Executive Board has decided to invoke the Pre-Trial procedures to define the issues and to make a preliminary determination as to whether the charges have merit.

You are hereby notified that your Pre-Trial is set for Saturday, January 25, 2014, at the San Francisco office of Local 39, 337 Valencia Street, San Francisco, CA 94103. Your Pre-Trial will begin at 10:00 am.

The Executive Board, upon hearing all the parties, may, at its discretion, decline to process these charges as being without merit, or it may determine to proceed with the charges on their merits. In the event the Board proceeds with the charges a trial date will be set which will be the next regular District meeting.

Fraternally,

Jerry Kalmar
Business Manager / Recording-Corresponding Secretary

Enclosure(s)

JK:lt:IUIOE#39/afl-cio

1620 NORTH MARKET BLVD. • SACRAMENTO, CA 95834 • FAX (916) 928-1216 • (916) 928-0399

**EXHIBIT E**

# Stationary Engineers, Local 39

INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO

**JERRY KALMAR**
BUSINESS MANAGER-SECRETARY

January 30, 2014

COPY

Charles Loft
686 Harriet Avenue
Campbell, CA 95008

U.S. Certified Mail & Return Receipt
#7013 2630 0002 3026 3208

Dear Brother Loft:

A Pre-Trial hearing was conducted on Saturday January 24, 2014 in the San Francisco office of Local 39 regarding the charges brought against you for alleged actions during the Dignity strike. After reviewing the information presented by the parties at the hearing, the Board has determined that there is sufficient merit to move the matter to trial. In accordance with the By-Laws the trial is set for the next regular District meeting.

The next regular District meeting for your District (#7) is February 25, 2014. Your trial by the membership will be conducted at that meeting at 5PM on February 25, 2014 in the San Jose office of Local 39, 2102 Almaden Road, San Jose, CA. In accordance with Article XVII of the Local 39 By-Laws, you may represent yourself or be represented by another who is a member of the International Union of Operating Engineers.

Fraternally,

Jerry Kalmar
Business Manager / Recording-Corresponding Secretary

1620 NORTH MARKET BLVD. • SACRAMENTO, CA 95834 • FAX (916) 928-1216 • (916) 928-0399