UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES LOFT, <br><br>       Plaintiff, <br><br> v. <br><br> STATIONARY ENGINEERS, LOCAL 39, <br><br>       Defendants. | Case No.: 14-CV-00817-LHK <br><br> ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

Plaintiff Charles Loft filed an Ex Parte Motion for a Temporary Restraining Order ("TRO") on February 24, 2014, seeking to enjoin Defendant Stationary Engineers Union, Local 39 from conducting a trial of Plaintiff scheduled to begin on February 25, 2014. ECF No. 8 ("Mot."). Plaintiff's attorney, Robert Baker, has filed a declaration stating that he gave Defendant notice of Plaintiff's motion on February 20, 2014 and February 21, 2014. ECF No. 6 ¶ 6 (Declaration of Robert Baker); ECF No. 6-1 at 8-11 (Two letters to Local 39 stating Plaintiff's intent to file a TRO motion). Counsel for Defendant has not filed a notice of appearance on the docket, and Defendant has not filed any opposition to Plaintiff's motion. Having considered the motion and the relevant law, the Court hereby DENIES Plaintiff's Motion for a TRO and Order to Show Cause.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

1

Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

1    On February 24, 2014, Plaintiff filed his Complaint with this Court. ECF No. 1
2    ("Complaint"). Stationary Engineers, Local 39 ("Local 39"), is a charter union of the International
3    Union of Operating Engineers AFL-CIO ("IUOE"). Complaint ¶ 1. Plaintiff is a member of Local
4    39. *Id.* ¶ 2. Plaintiff is employed at Sequoia Hospital in Redwood City, California, which is a
5    unionized facility, and has been working there since 2002 as an engineer. *Id.* ¶ 3.

6    On or about October 1, 2013, the Collective Bargaining Agreement of Local 39 expired,
7    and Local 39 went on strike that same day. *Id.* ¶ 4. Plaintiff participated in the picket line around
8    the premises of Sequoia Hospital. *Id.* ¶ 5. Plaintiff also states in his motion that even though he has
9    been on family medical leave to care for his mother since July 2013, he "manned the strike line on
10   October 3, 2013 for four hours." Mot. at 3. On October 16, 2013, Plaintiff transferred the care of
11   his mother to his sister. *Id.* On October 17, 2013, union representative Dan McNulty called
12   Plaintiff and told him that someone had seen Plaintiff assisting management during the strike. *Id.* ¶
13   7; Mot. at 3. Plaintiff told McNulty that those allegations were false and because he was concerned
14   about this allegation, he attempted to gain information from union officials about the specific
15   allegations made to Dan McNulty, but Plaintiff received no return calls from the union. *Id.*; Mot. at
16   3-4.

17   On or about November 15, 2013, Plaintiff received Notice of Charges against him from
18   Local 39's Business Manager Jerry Kalmar, alleging that he had violated the Local 39 Bylaws and
19   IUOE Constitution because he had "cross[ed] the picket line" and "had not manned the strike line
20   and had assisted the employer and replacement workers keep the plant in operating order by
21   accepting telephone calls from the employer and walking them through the problems they
22   encountered." *Id.* ¶ 7-8. The Notice of Charges was signed by all unionized engineers at the
23   Redwood City Sequoia Hospital except for one. *Id.* Plaintiff has attached the Notice of Charges to
24   Plaintiff's Complaint as Exhibit B. ECF No. 1 at 31-33. The Notice of Charges states that the union
25   may fine or suspend Plaintiff, and that a vote may be put to the membership after Plaintiff's trial n
26   the charges to expel Plaintiff from membership in the IUOE. *Id.* at 32.

**United States District Court**
For the Northern District of California

On December 8, 2013, Plaintiff mailed Jerry Kalmar a letter stating that the charges were "untrue, unfair, and unjustified" because he would not risk his pension for any employer. *Id.* ¶ 9. Plaintiff has attached this letter as Exhibit C to the Complaint. ECF No. 1 at 35. Plaintiff stated in that letter that he had been trying since October 17, 2013 to get information from the union regarding his charges, without success. Complaint ¶ 9.

On December 24, 2013, Jerry Kalmar mailed Plaintiff a notice stating that the Local 39 Executive Board had reviewed the charges against him and had decided to hold a Pre-Trial hearing on January 25, 2014 in order to make a preliminary determination as to whether the charges had merit. *Id.* ¶ 10. This letter is attached as Exhibit D to the Complaint. ECF No. 1 at 37. The notice did not contain a specific statement of the charges against Plaintiff and was not signed by a person who had personal knowledge of the charges alleged. *Id.* Plaintiff attended the pre-trial hearing on January 25, 2014. Complaint ¶ 11. At that time, William Lee, "the person who wrote the check for the charges as required," was asked by the governing board how he knew that Plaintiff had helped management during the strike, and Lee responded that "it was overheard on a security radio by a member who was at the strike line, that the Director of Facilities, Eddie McCarthy, had directed an unknown person to contact 'Chuck' regarding an unnamed issue." *Id.*

On January 30, 2014, Plaintiff received a letter from Jerry Kalmar stating that the Board had decided after the pre-trial hearing that there was sufficient merit in the charges to move the matter to trial, and that the Board was setting a trial date of February 25, 2014 at 5:00 p.m. at the Local 39 Office in San Jose, California. *Id.* ¶ 12. This letter is attached to the Complaint as Exhibit E. ECF No. 1 at 39. The letter stated that Plaintiff could be represented at the trial by himself or another member of the IUOE. *Id.* Plaintiff alleges that he has no person who can fairly represent him at the trial because "all of the workers at Sequoia Hospital, Redwood City, signed the accusation against Plaintiff." Complaint ¶ 13.

Plaintiff brings one cause of action alleging a violation of the Labor Management Reporting Disclosure Act, which provides that "no member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for non-payment of dues by such organization

3

Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

or any official thereof unless such member has been (A) served with written specific charges, (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). *Id.* ¶ 15. Specifically, Plaintiff alleges that Local 39 violated Plaintiff's rights by (1) failing to give Plaintiff notice of the specific charges against him as required by 29 U.S.C. § 411(a)(5) and the IUOE Constitution[1]; (2) by conducting a pre-trial hearing without providing Plaintiff notice of the specific charges against him so that Plaintiff could contest those allegations at the pre-trial hearing as required by 29 U.S.C. § 411(a)(5) and the IUOE Constitution; and (3) failing to give Plaintiff "reasonable time to prepare for his defense" because Local 39 failed to provide the specific charges. *Id*. ¶ 17-18.

In a declaration submitted with his Complaint, Plaintiff declares that "[t]he Collective Bargaining Agreement makes it a 'condition of employment' at Sequoia Hospital that an employee in a position covered by the Collective Bargaining Agreement be a union member in 'good standing.' If I am found guilty of the charges, it has been requested that I be expelled from the union. If I am expelled from the union, I will lose my job as Assistant Chief Engineer at Sequoia Hospital, and will be unable work at any other hospital covered by the International Union of Engineers. I will also lose my pension benefits because I am vested in number of years of service, but have not reached the required age of 55 years old to qualify for the retirement pension." Declaration of Plaintiff, ECF No. 4 ¶ 17.

On February 24, 2014, Plaintiff filed an amended motion with this Court seeking a TRO and Order to Show Cause why Defendant should not be restrained from trying Plaintiff until the union complies with the Labor Management Reporting Disclosure Act's guarantee that Plaintiff be "provided with specific charges against him, an opportunity to prepare his defense for any trial, and a fair trial by unbiased jurors." Mot. at 2; ECF No. 8.[2] In his motion, Plaintiff argues that he does "not believe he can get a fair trial because he does not know the witnesses against him, the specific facts against with [sic] regard to the more serious charge of assisting management during the strike,

---

[1] Plaintiff attaches copies of the IUOE Constitution as Exhibit A to his Complaint. ECF No. 1 at 7-29.
[2] Plaintiff filed an original application for a TRO, *see* ECF Nos. 2 & 3, which is DENIED AS MOOT in light of how Plaintiff submitted an amended application for a TRO.

4
Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

1    [and] most importantly, the members who signed the accusation will most likely constitute a

2    majority of the jurors at the trial." Mot. at 5; *see also id.* at 8 ("the 14 members who have signed

3    the accusation [against Plaintiff] and will be voting jurors have already signaled their prejudgment

4    of Plaintiff."). Plaintiff asks that the TRO stay the trial which is scheduled to commence on

5    February 25, 2014, and asks that the Court issue an order mandating that Local 39 comply with

6    Plaintiff's rights under the IUOE Constitution and the Labor Management Reporting Disclosure

7    Act. Complaint at 5. He also requests a hearing in which "appropriate guarantees of due process

8    and a fair trial may be argued." Mot. at 9. Finally, he requests that he be provided "specific charges

9    setting forth the facts – names, place, time of the charged acts – under signature of personal

10   knowledge, and return this matter for a Pretrial [hearing] so that the purpose of the pretrial can be

11   accomplished . . ." *Id.* at 7.

12   Robert Baker's declaration in support of Plaintiff's motion declares that on February 10,

13   2014, Baker sent Jerry Kalmar a letter requesting that Plaintiff be provided with a specific

14   statement of the charges against Plaintiff as provided by the IUEO Constitution, that a further pre-

15   trial hearing be provided, that a fair trial be provided, and that the trial be continued for 30 days to

16   give Plaintiff time to prepare for the trial. ECF No. 6 ¶ 4. Baker claims that on February 19, 2014,

17   he received a fax from Kalmar noting that the Board rejects Baker's arguments and denies

18   Plaintiff's request for a continuance. ECF No. 6-1 at 5-7.[3]

19   **II.   LEGAL STANDARD**

20   The standard for issuing a temporary restraining order is identical to the standard for issuing

21   a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d

22   1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887

23   F.Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish

24   that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

25   of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the

---

[3] Plaintiff also submits, in support of his motion, the declaration of Eddie McCarthy, ECF No. 5. McCarthy is the Director of Facilities at Sequoia Hospital in Redwood City and claims he has known Plaintiff for 25 years and believes Plaintiff never assisted Sequoia Hospital during the strike. *Id.* ¶ 7.

5

Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).

## III. DISCUSSION

The Court need not address all of the *Winter* factors because the Court finds that Plaintiff has failed to carry his burden of demonstrating that he will be irreparably harmed absent a temporary restraining order. Plaintiff's sole argument is that he will suffer irreparable injury because his "job is vested under the Collective Bargaining Agreement. The loss of that job will result in irreparable injury because Plaintiff will not be able to work at Sequoia Hospital or any other hospital that is unionized by the [IUOE]. In addition, if Plaintiff is expelled he will lose his pension benefits because he has not reached the age of 55." Mot. at 8-9. For the following reasons, this argument fails to demonstrate that Plaintiff will be irreparably harmed.

Injunctive relief is only available when legal remedies are "inadequate." *See Weinberger v. RomeroBarcelo*, 456 U.S. 305, 312 (1982) (the basis for injunctive relief is irreparable injury and the inadequacy of legal remedies). Thus, "[a] plaintiff is not entitled to an injunction if money damages would fairly compensate him for any wrong he may have suffered." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595 (1952). "[P]urely monetary injury is compensable, and thus not irreparable." *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850–51 (9th Cir. 1985) ("The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm . . ." (internal citations and quotations omitted); *see also Nelson v. Nat'l Aeronautics and Space Admin.*, 530 F.3d 865, 881 (9th Cir. 2008).

Here, Plaintiff's alleged irreparable injury is essentially a loss of income – i.e., that he may possibly lose his job as a result of the outcome of the union trial and may be expelled from the union, leading to a loss of his pension benefits. Mot. at 8. Plaintiff fails to address or explain why a legal remedy – i.e., money – would be inadequate to compensate Plaintiff for any money damages he may unfairly sustain as a result of the allegedly unfair trial which Local 39 will hold on

6

Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

February 25, 2014. The Court finds that in the event that Plaintiff's claim is deemed meritorious after full adjudication of his claim in federal court, money damages will adequately compensate Plaintiff for any loss of income. Plaintiff cites no authority for the proposition that a loss of income constitutes irreparable harm, and to the contrary, the Supreme Court has recognized that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *see also Merchandani v. BMO Harris Bank*, 2011 WL 5921571, at *2 (D. Ariz. Nov. 28, 2011) (holding that loss of income does not constitute irreparable harm because "the injury can later be remedied by a monetary award.") (citation omitted); *Park v. Wachovia Mortgage*, 2010 WL 5088826, at * 2 (S.D. Cal. Dec. 7, 2010) (holding that Plaintiff's financial loss cannot constitute irreparable harm).

## IV.    CONCLUSION

Because Plaintiff has not proven irreparable harm, the Court DENIES Plaintiff's Motion for a TRO and Order to Show Cause.

**IT IS SO ORDERED.**

Dated: February 24, 2014

_____
LUCY H. KOH
United States District Judge

7
Case No.: 14-CV-00817-LHK
ORDER DENYING PLAINTIFF'S AMENDED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE