1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES LOFT,<br><br>            Plaintiff,<br><br>      v.<br><br>STATIONARY ENGINEERS, LOCAL 39<br>PTF, LLC,<br><br>            Defendant. | Case No. 14-CV-00817-LHK<br><br>**PROPOSED FINAL JURY<br>INSTRUCTIONS (ANNOTATED)** |

The parties shall file any objections to the final jury instructions by June 9, 2015.

Dated: June 2, 2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

1

# 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1C (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

## 2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

# 3. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

> (1) the sworn testimony of any witness;

> (2) the exhibits which are received in evidence; and

> (3) any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

# 4. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

## 5. EVIDENCE FOR LIMITED PURPOSE

2

3
Some evidence may be admitted for a limited purpose only.

4
When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5

6
**Source:** Ninth Circuit Model Civil Jury Instructions - 1.8 (2014 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 6. DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2014 Edition).

7

# 7. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;
>
> (2) the witness's memory;
>
> (3) the witness's manner while testifying;
>
> (4) the witness's interest in the outcome of the case and any bias or prejudice;
>
> (5) whether other evidence contradicted the witness's testimony;
>
> (6) the reasonableness of the witness's testimony in light of all the evidence; and
>
> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2014 Edition).

United States District Court
Northern District of California

1

**8. STIPULATIONS OF FACT**

2

3

The parties have agreed to certain facts that have been read to you.  You should therefore treat these facts as having been proved.

4

**Source**:  Ninth Circuit Model Jury Instructions – 2.2 (2014 Edition).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9

1

**9. IMPEACHMENT EVIDENCE – WITNESS**

2

3

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

4

5

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.8 (2014 Edition).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**10. NOTES**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.14 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1 | **11. LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT ("LMRDA") CLAIM—**
2 | **INTRODUCTORY INSTRUCTION**

In order to prevail on the plaintiff's claim against the defendant for violation of the Labor Management Reporting Disclosure Act, the plaintiff must prove by a preponderance of that evidence that:

> (1) he was not served with written specific charges, or;

> (2) he was not given a reasonable time to prepare his defense to the charges, or;

> (3) he was not afforded a full and fair hearing.

**Source:** 29 U.S.C. § 411(a)(5); Proposed Special Instruction #1 (modified); Plaintiff's Alternative Special Instruction #1 (modified).

1

2   **12. LMRDA CLAIM—SPECIFIC CHARGES**

3   Specific charges means charges that notify the accused of the incidents that form the basis of each
charge so that the accused may prepare a defense.

4

5   **Source:** 29 U.S.C. § 411(a)(5); *Johnson v. Nat'l Ass'n of Letter Carriers Branch 1100*, 182 F.3d
1071, 1075 (9th Cir. 1999) ("The level of detail required is that needed to notify the accused of the
incidents that form the basis of the charge so that he or she may prepare a defense"); Plaintiff's
Alternative Special Instruction #1-A (modified).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 13. LMRDA CLAIM—FULL AND FAIR HEARING

The right to a "full and fair hearing" includes the right to an unbiased trier of fact, the right to cross examine witnesses against the accused, and the right to present witnesses and evidence.

If you find that the plaintiff was not provided with any of the following: an unbiased trier of fact, the right to cross examine witnesses against him, or the right to present witnesses and evidence in his favor, then you must find that the plaintiff was not provided a full and fair hearing.

**Source:** *Holschen v. Int'l Union of Painters & Allied Trades/Painters Dist. Council #2*, 598 F.3d 454, 463-64 (8th Cir. 2010); *Myers v. Affiliated Prop. Craftsmen Local No. 44 of Int'l Alliance of Theatrical Stage Emp. & Moving Picture Mach. Operators of U.S. & Canada*, 667 F.2d 817, 819-21 (9th Cir. 1982); *Ritz v. O'Donnell*, 566 F.2d 731, 735 (D.C. Cir. 1977); Proposed Special Instruction #2 (modified); Plaintiff's Alternative Special Instruction #2 (modified).

14

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 14. LMRDA CLAIM—BIASED TRIER OF FACT

A trier of fact is biased if that fact-finder has prejudged the accused, was a witness to the offense alleged, or any other reason that would establish bias or partiality on the part of the trier of fact.

**Source:** *Myers v. Affiliated Prop. Craftsmen Local No. 44 of Int'l Alliance of Theatrical Stage Emp. & Moving Picture Mach. Operators of U.S. & Canada*, 667 F.2d 817, 819-21 (9th Cir. 1982); Plaintiff's Alternative Special Instruction #2-A.

1

## 15. BREACH OF CONTRACT – INTRODUCTORY INSTRUCTION

2

3

The plaintiff claims that the International Constitution is a contract between the International Union of Operating Engineers and the defendant.

4

5

The plaintiff claims that the defendant breached this contract through its conduct towards the plaintiff.

6

The plaintiff also claims that the defendant's breach of this contract caused harm to the plaintiff for which the defendant should pay.

7

8

**Source:** CACI 300 (2007 Edition) (modified).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

16

**16. BREACH OF CONTRACT – THIRD-PARTY BENEFICIARY**

The plaintiff is not a party to the contract.  However, the plaintiff may be entitled to damages for breach of contract if the plaintiff proves that the International Union of Operating Engineers and the defendant intended for the plaintiff to benefit from their contract.

It is not necessary for the plaintiff to have been named in the contract.  In deciding what the International Union of Operating Engineers and the defendant intended, you should consider the entire contract and the circumstances under which it was made.

**Source:** CACI 301 (2003 Edition) (modified).

1

## 17. FAIR REPRESENTATION CLAIM—INTRODUCTORY INSTRUCTION

2

3
In order to prevail on his breach of the duty of fair representation claim, the plaintiff must prove by a preponderance of the evidence that:

4

5
(1) Some action by his employer, Sequoia Hospital, violated the terms of the collective bargaining agreement between the defendant and Sequoia Hospital;

6

7
(2) The defendant failed to fairly represent the plaintiff's best interests in attempting to remedy the violation of the collective bargaining agreement; and

8
(3) The defendant was acting in bad faith or in an arbitrary or discriminatory manner when it failed to represent the plaintiff's best interests.

9

10
If you find that the plaintiff has proved each of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

11

12
A union has a duty under the law to represent fairly the interests of its members in protecting their rights under a collective bargaining agreement.  However, an individual employee does not have an absolute right to require the employee's union to pursue a grievance against the employer.  A union has considerable discretion in controlling the grievance and arbitration procedure.  The question is not whether the employee is satisfied with the union representation or whether that representation was perfect.

13

14

15

16
Breach of the duty of fair representation occurs only where a union acting in bad faith or in an arbitrary or discriminatory manner fails to process a meritorious grievance.  So long as the union acts in good faith, it may exercise its discretion in determining whether to pursue or process an employee's grievance against the employer.  Even if an employee's grievance has merit, the union's mere negligence or its exercise of poor judgment does not constitute a breach of its duty of fair representation.

17

18

19

20
**Source:** Ninth Circuit Model Civil Jury Instructions – 13.1 (2014 Edition) (modified); *Chauffeurs, Teamsters and Helpers Local 391 v. Terry*, 494 U.S. 558, 563 (1990); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *Slevira v. Western Sugar Co.*, 200 F.3d 1218, 1221 (9th Cir.2000); Proposed Special Instruction #3 (modified).

21

22

23

24

25

26

27

28

18

United States District Court
Northern District of California

**18. FAIR REPRESENTATION CLAIM—ARBITRARY OR DISRCIMINATORY CONDUCT**

To establish that the defendant acted in an arbitrary or discriminatory manner, the plaintiff must prove that the defendant's actions were irrational or amounted to an egregious disregard for the plaintiff's rights as a union member.

**Source:** Ninth Circuit Model Civil Jury Instructions – 13.1 (2014 Edition) (comment); *Air Line Pilots Assn. v. O'Neill*, 499 U.S. 65, 67 (1991); *Tenorio v. Nat'l Labor Relations Bd.*, 680 F.2d 598, 601 (9th Cir. 1982) (egregious disregard); Proposed Special Instruction #4 (modified).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

**19. INTENTIONAL INFLICTION OF EMTIONAL DISTRESS - ELEMENTS**

The plaintiff claims that the defendant's conduct caused the plaintiff to suffer severe emotional distress.  To establish this claim, the plaintiff must prove all of the following:

     1. That the defendant's conduct was outrageous;

     2. That the defendant intended to cause the plaintiff emotional distress, or that the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress;

     3. That the plaintiff suffered severe emotional distress; and

     4. That the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

**Source**: CACI 1600 (2003 Edition) (modified).

United States District Court
Northern District of California

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**20. INTENTIONAL INFLICTION OF EMTIONAL DISTRESS – OUTRAGEOUS CONDUCT**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether the defendant's conduct was outrageous, you may consider, among other factors, the following:

> (a) Whether the defendant abused a position of authority or a relationship that gave the defendant real or apparent power to affect the plaintiff's interests;

> (b) Whether the defendant knew that the plaintiff was particularly vulnerable to emotional distress; and

> (c) Whether the defendant knew that the defendant's conduct would likely result in harm due to mental distress.


**Source**: CACI 1602 (2003 Edition) (modified).

## 21. INTENTIONAL INFLICTION OF EMTIONAL DISTRESS – RECKLESS DISREGARD

The defendant acted with reckless disregard in causing the plaintiff emotional distress if:

> 1. The defendant knew that emotional distress would probably result from the defendant's conduct; or

> 2. The defendant gave little or no thought to the probable effects of the defendant's conduct.

**Source**: CACI 1603 (2003 Edition) (modified).

## 22. INTENTIONAL INFLICTION OF EMTIONAL DISTRESS – SEVERE EMOTIONAL DISTRESS

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. The plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

**Source**: CACI 1604 (2003 Edition) (modified).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**23. DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;

- The mental or emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

- Any penalty levied against the plaintiff.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:** Ninth Circuit Model Civil Jury Instructions – 5.1-5.2 (2014 Edition); Proposed Jury Instruction No. 8 (modified); Plaintiff's Special Instruction #5 (modified).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 24. DAMAGES—LIMITATION ON DAMAGES FOR BREACH OF CONTRACT

If you find that the defendant breached the International Constitution, you may not award the plaintiff compensatory damages simply because he was angry, nervous, upset, or depressed in response to the defendant's actions.  Emotional distress, without any other form of injury, does not constitute a sufficient basis for the award of damages for a violation for breach of contract.

**Source:** *Bise v. Int'l Brotherhood. of Elec. Workers, AFL-CIO Local 1969*, 618 F.2d 1299, 1305 (9th Cir. 1979); *Int'l Brotherhood of Boilermakers v. Rafferty*, 348 F.2d 307, 315 (9th Cir. 1965); Proposed Special Instruction #5 (modified).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

## 25. DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

      1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

      2.     the amount by which damages would have been mitigated.

**Source:** Ninth Circuit Model Civil Jury Instructions – 5.3 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

**26. NOMINAL DAMAGES**

2

3   The law which applies to this case authorizes an award of nominal damages for each cause of action.  For any cause of action, if you find for the plaintiff on a cause of action but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages for each cause of action may not exceed one dollar.

4

5   **Source:** Ninth Circuit Model Civil Jury Instructions – 5.6 (2014 Edition) (modified).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

United States District Court
Northern District of California

## 27. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.1 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

## 28. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

2

3   Because you must base your verdict only on the evidence received in the case and on these
    instructions, I remind you that you must not be exposed to any other information about the case or
    to the issues it involves.  Except for discussing the case with your fellow jurors during your
    deliberations:

4

5        Do not communicate with anyone in any way and do not let anyone else communicate with
         you in any way about the merits of the case or anything to do with it.  This includes
6        discussing the case in person, in writing, by phone or electronic means, via email, text
         messaging, or any Internet chat room, blog, website or other feature.  This applies to
7        communicating with your family members, your employer, the media or press, and the
         people involved in the trial.  If you are asked or approached in any way about your jury
8        service or anything about this case, you must respond that you have been ordered not to
         discuss the matter and to report the contact to the court.

9

10       Do not read, watch, or listen to any news or media accounts or commentary about the case
         or anything to do with it; do not do any research, such as consulting dictionaries, searching
         the Internet or using other reference materials; and do not make any investigation or in any
11       other way try to learn about the case on your own.

12  The law requires these restrictions to ensure the parties have a fair trial based on the same
    evidence that each party has had an opportunity to address.  A juror who violates these restrictions
13  jeopardizes the fairness of these proceedings, and a mistrial could result that would require the
    entire trial process to start over.  If any juror is exposed to any outside information, please notify
14  the court immediately.

15

16  **Source:** Ninth Circuit Model Civil Jury Instructions – 3.1A (2014 Edition).

17

18

19

20

21

22

23

24

25

26

27

28

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 29. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.2 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 30. RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.3 (2014 Edition).

Case No.14-CV-00817-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)